UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GEORGIA AUTHEMENT CONSTANCE, ET AL** | : | **CIVIL ACTION NO.: 12-CV-01253** |
| **VS.** | : | **JUDGE MINALDI** |
| **AUSTRAL OIL EXPLORATION COMPANY, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is plaintiff's Motion to Remand and removing defendants' Motion to Amend Notice of Removal.  Docs. 24, 46.  For the reasons that follow, the Motion to Remand is GRANTED IN PART and DENIED IN PART, and the Motion to Amend is GRANTED.

### *Background*

Plaintiffs filed this suit in the 38th Judicial District Court, Cameron Parish, Louisiana, on April 11, 2012.[1]  The petition alleges that various tracts of property owned by plaintiffs sustained damage as a result of defendants' oil and gas exploration and production activities.  Doc. 3, Att. 2.

The defendants in this case include Austral Oil Exploration Company, Inc. ("Austral"), Chevron U.S.A. Inc.[2] ("Chevron"), Williams Exploration Company ("Williams"), Beem Oil and

---

[1] Plaintiffs include Georgia Authement Constance, The Georgia Authement Constance Revocable Living Trust, Roxanne Constance Stelly, Gene Allen Constance, Benji Constance Duhon, and Jackson Constance.  Doc. 1, Att. 26, p. 1.

[2] Chevron asserts that it the "alleged successor in interest to certain upstream oil and gas assets and liabilities" of Tidewater Oil Company ("Tidewater").  Doc. 44, p. 5.  Plaintiffs' petition for damages in state court named Tidewater as defendant.  Doc. 1, Att. 26, p. 3.

1

Gas Company ("Beem"), ExxonMobil Oil Corporation[3] ("ExxonMobil"), Wainoco Oil & Gas Company ("Wainoco"), Diasu Oil & Gas Company, Inc. ("Diasu"), The John W. Mecom Company ("Mecom"), BP America, Inc.[4] ("BP"), Cox Oil & Gas, Inc. ("Cox"), and HRC Energy Resources (LaFourche), Inc.[5] ("HRC"), Smith Production Company of Mississippi[6] ("Smith"), and Duncan Oil, Inc. ("Duncan"). Doc. 1, Att. 26, pp. 2–4.

Defendants removed this case to this court on May 16, 2012.[7] They allege that this court has subject matter jurisdiction based on diversity. Doc. 2, pp. 1–2. Defendants recognize that there is an absence of complete diversity between plaintiffs and certain defendants; however, they ask this court to find that removal was nonetheless proper because the non-diverse defendants are either nonexistent (Austral and Mecom) or were fraudulently or egregiously misjoined (HRC). They ask this court to ignore the citizenship of these non-diverse defendants for jurisdictional purposes. Doc. 1, pp. 4–6.

Plaintiffs filed a Motion to Remand with this court on June 15, 2012, claiming the removal was procedurally defective. Doc. 24. Plaintiffs submit that the removing defendants failed to allege that there was diversity both at the time the case was removed and at the time the case was filed. They argue that this failure is incurable by amendment and mandates remand to the state court. Doc. 24, Att. 1, pp. 3–11; Doc. 64. Plaintiffs also defend joinder of defendant HRC in the action as proper. Doc. 24, Att., pp. 12–17.

---

[3] ExxonMobil asserts that it is the successor in interest to defendant Magnolia Petroleum Company by merger. *See* Doc. 1, pp. 1, 4.

[4] BP is the successor in interest to Amoco Production Company. Doc. 1, Att. 26, p. 3.

[5] HRC is the successor by name change to RAM Energy Resources (Lafourche), Inc. ("RAM"). Doc. 18. In turn, RAM was the successor in interest to Foreman Petroleum Corporation. Doc. 1, Att. 26, p. 3.

[6] Smith Production Company of Mississippi is the successor in interest to Smith Production Company. Doc. 1, p. 3.

[7] Defendants Williams, ExxonMobil, and Diasu jointly filed the Notice of Removal. Doc. 1, p. 1.

Defendants defend the removal process as sufficient. Docs. 44, 45, 47, 49. In the alternative, defendants filed a Motion to Amend Notice of Removal on July 20, 2012, asking the court to permit defendants to cure any deficiencies by amendment. Doc. 46.

### *Law and Analysis*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removing parties bear the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Defendants' Notice of Removal must satisfy the procedural requirements for removal. *See* 28 U.S.C. § 1446(a). Any procedural defects may provide a basis for remand provided the defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1447(c), 1653.

Defendants assert that this court has jurisdiction based on diversity of citizenship. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Remand is appropriate if either of these requirements is not satisfied.

The court will address the procedural and jurisdiction considerations in turn.

**(1) Procedural Analysis**

Defendants must comply with a number of procedural requirements in order to properly removal a case to federal court. *See* 28 U.S.C. § 1446. A non-removing party may object to any procedural defects within thirty days of the defective removal. 28 U.S.C. § 1447(c). The Fifth Circuit has held that a "procedural defect" is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *In re Allstate Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quoting *Baris v. Sulpicio Lines*, 932 F.2d 1540, 1544 (5th Cir. 1991)); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991).

Plaintiffs submit that the removing defendants failed to allege in the Notice of Removal that there was diversity both at the time the case was removed and at the time the case was filed. They maintain that it was not enough for removing defendants to speak in the *present tense* about corporate citizenship; they were also required to speak in the *past tense* as well.

When a case is removed to federal court on the basis of diversity jurisdiction, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). As such, defendants were required to "allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Co.*, 8 F.3d at 221 (citations and internal quotation marks omitted).

The Fifth Circuit in *In re Allstate Co.* held that a removing defendant's "failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect[.]" *Id.* The court agrees with plaintiffs that defendants' Notice of Removal was procedurally defective insofar as it failed to allege the domicile of the defendants at both the time of removal and the time of filing.

This procedural defect alone, however, does not mandate a remand of the case. Defendants have moved that this court permit an amendment to their Notice of Removal. Doc. 46. Remand is proper only to the extent that an amendment is not permitted or an amendment is inappropriate given the circumstances of the case.

Defendants argue that 28 U.S.C.A. § 1653 allows them to amend their pleading to cure the pleading defect. Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This provision "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). An amendment is permissible where an "original

petition for removal . . . fail[s] to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed."[8]  *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979).  Section 1653, however, "is not to be used to create jurisdiction retroactively where it did not previously exist."  *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) (citations omitted).

Plaintiffs contend that defendants' amendment is improper in this case because allegations of complete diversity at the time suit was filed were nonexistent rather than defective. Doc. 64, pp. 4-5.  This contention is without merit insofar as this court is permitted to review the entirety of the record when determining whether subject matter jurisdiction exists.  *Baccus v. Parrish*, 45 F.3d 958, 960–61 (5th Cir. 1995); *Villarreal v. Brown Exp., Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976); 14C Fed. Prac. & Proc. Juris. § 3734 (4th ed.).

Plaintiffs' state court petition is attached as an exhibit to the Notice of Removal. Plaintiffs allege therein that each of the defendants, except for defendants Austral and Mecom, is a foreign corporation doing business in the State of Louisiana.  Doc. 1, Att. 26, pp. 2–4.  These are clearly allegations regarding the existence of diversity at the time suit was filed.

Plaintiffs counter that the petition fails to mention defendants' principal places of business.  Doc. 24, Att. 1, p. 14.  However, the petition unquestionably contains jurisdictional allegations insofar as it expresses where defendants are *not* domiciled because they are foreign to the State of Louisiana.  While these allegations are phrased in the negative and are defective in their own right, they too are curable by the amendments defendants have proposed.  *See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (*per curiam*)

---

[8] Plaintiffs maintain that the *McDuffie* decision is not the "panacea" defendants suggest.  Doc. 60, p. 9.  However, the most reasonable interpretation of the decision is that plaintiffs failed to double-plead jurisdiction.  Plaintiffs suggest that *McDuffie* is limited to situations where the matter has already been adjudicated on its merits.  However, such a limitation is unfounded as the *McDuffie* district court—not the appellate court—originally denied the motion to remand and permitted an amendment.  608 F.2d at 146.

(amendment permissible on remand where "the plaintiffs' complaint simply alleged that [the defendants] were 'foreign corporations' which were 'licensed to do business and doing business in Louisiana'").

Plaintiffs also argue that any amendment to the notice of removal should be denied as untimely and they cite a number of cases in support of this proposition. Doc. 24, pp. 14–18; Doc. 64, pp. 5–9. The cases relied upon by plaintiffs are clearly distinguishable from the instant case in that, in each case, the court specifically noted that neither the petition of removal *nor the record* revealed the required domiciliary information of the defendants at the time the case was filed.[9]

The court finds that removing defendants' Notice of Removal was procedurally defective because it failed to allege the domicile of defendants at the time the case was filed in the affirmative; however, the court grants removing defendants' Motion to Amend Notice of Removal to cure the procedural defects.

**(2) Jurisdictional Analysis**

Defendants assert in their Notice of Removal that this court has jurisdiction on the basis of diversity. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different

---

[9]*Browne v. Hartford Fire Ins. Co.*, 168 F.Supp. 796, 799 (D.C. Ill. 1959) ("Here, since the principal place of business of the defendant corporations is not set out in the petition or the pleadings, there is no allegation of diversity of citizenship as required. . . ."); *Garza v. Midland Nat. Ins. Co.*, 256 F.Supp. 12, 14 (S.D. Fla. 1966) ("Thus, the principal issue is: Can a petition for removal be amended, with permission of the Court after the thirty days for removal have passed, to allege that diversity existed at the time of the suit when no such allegation was in the original petition and the supporting papers."); *Hubbard v. Tripp*, 611 F.Supp. 895, 896 (E.D. Va. 1985) ("Neither the complaint filed in State court nor the petition filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of filing of the complaint (motion for judgment) in the State court."); *Burns v. G.S. Nelson Elec.*, Civ. A. No. 91-2335, 1991 WL 77588, *1 (E.D. Pa., May 6, 1991) ("Satisfaction of this dual requirement must appear in the record. Here, the notice of removal does not state the citizenship of the parties at the time the action was filed, and it is not disclosed in the complaint." (internal citations omitted)); *Barnhill v. Ins. Co. of N.A.*, 130 F.R.D. 46, 49 (D. S.C. 1990) ("In short, neither the complaint, the notice of removal, nor any other material in the record alleges INA's state of incorporation. Perhaps most important, the record also fails to adequately demonstrate the diversity of INA's principal place of business.").

states. 28 U.S.C. § 1332(a)(1). This court finds that it has subject matter jurisdiction as both the amount in controversy and complete diversity requirements are satisfied.

### (a) Jurisdictional Amount:

The removing defendants must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). There is no apparent dispute between the parties as to whether the jurisdictional amount in controversy is satisfied. In any event, it is facially obvious from plaintiffs' original petition that the claim for damages satisfies the requisite jurisdictional amount. *See* Doc. 1, Att. 26, pp. 18–19; *see also Lucket v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

### (b) Complete Diversity

The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Named as plaintiffs are five (5) individuals and a trust which are all domiciled exclusively in Louisiana.[10] Named as defendants are thirteen (13) corporations. For purposes of diversity jurisdiction, a corporation is domiciled where it is incorporated and where the company maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Ten (10) of the defendants are collectively domiciled in Delaware, Texas, Oklahoma, New York, Colorado, and Mississippi.[11]

---

[10] Plaintiffs Georgia Authement Constance, Roxanne Constance Stelly, Gene Allen Constance, Benji Constance Duhon, and Jackson Constance are all citizens of the State of Louisiana. Doc. 1, p. 3; Doc. 1, Att. 26, p. 1. Plaintiff "The Georgia Authement Constance Revocable Living Trust" is a Louisiana inter vivos trust in which Georgia Authement Constance is the settlor, trustee, and beneficiary. She is a citizen of the State of Louisiana. Doc. 1, p. 3; Doc. 1, Att. 26, p. 1.

[11] Defendant Chevron is the successor to Tidewater Oil Company. *See* Doc. 70. Chevron is a Pennsylvania corporation with its principal place of business in California. Doc. 1, p. 9. Defendant Williams is a Delaware corporation with its principal place of business in Oklahoma. Doc. 1, p. 3. Defendant Beem Oil and Gas Company is a Texas corporation with its principal place of business in Texas. Doc. 1, p. 3.

Plaintiffs' petition alleges that three (3) remaining defendants, Austral Oil Exploration Company, Inc., The John W. Mecom Company, and HRC Energy Resources (LaFourche), Inc., are Louisiana citizens. This court lacks subject matter jurisdiction if any of these three parties is a Louisiana citizen. The court will first consider the citizenships of defendants Austral and Mecom and then consider the citizenship of defendant HRC.

### (i) Defendants Austral & Mecom

Plaintiffs' state court petition identifies defendants Austral Oil Exploration Company, Inc. and The John W. Mecom Company as Louisiana corporations. Doc. 1, Att. 26, pp. 2, 3. The existence of a Louisiana defendant would destroy complete diversity; however, the court finds that both corporations should be ignored for purposes of ascertaining diversity because both have been dissolved.

Austral Oil Exploration Company, Inc. was a Delaware corporation that was dissolved effective April 12, 1978. Doc. 1, Att. 12. Plaintiffs served or attempted to serve process on "Austral Oil & Exploration Company, Inc.," a Louisiana corporation formed in 1992. Doc. 1, Att. 7, pp. 4-5. However, this company is not the same entity that operated the wells identified by Plaintiffs in their petition.[12] See Doc. 1, Atts. 13–18.

---

The original petition names Magnolia Petroleum Company as a defendant. Defendant ExxonMobil is the successor by merger to Magnolia. ExxonMobil is a New York corporation with its principal place of business in Texas. Doc. 1, p. 4. Defendant Wainoco is a Delaware corporation with its principal place of business in Texas. Doc. 1, p. 4. Defendant Diasu is a Texas corporation with its principal place of business in Texas. Doc. 1, p. 4. Defendant BP is a Delaware corporation with its principal place of business in Texas. Doc. 1, p. 4. Defendant Cox was a Texas corporation with its principal place of business in Texas. Doc. 1, Att. 10. Defendant Smith is a Mississippi corporation with its principal place of business in Mississippi. Doc. 1, p. 4. Defendant Duncan is a Colorado corporation with its principal place of business in Colorado. Doc. 1, p. 4.

[12] *Compare* "Austral Oil & Exploration, Inc..," Louisiana Secretary of State, Search Corporations Database, http://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails_Print.aspx?CharterID=389469_KHH62 (last visited February 6, 2013), *with* Doc. 1, Atts. 13–18.

Defendant Mecom was a Texas corporation with its principal place of business in Texas. Doc. 1, Att. 8. However this corporation was dissolved effective December 27, 2002. Doc. 1, Att. 9.

The court will issue concurrent Reports and Recommendations that defendants Austral and Mecom be dismissed from this case.

    **(ii)**      **Defendant HRC**

Plaintiff's state court petition identified defendant HRC Energy Resources (LaFourche), Inc. as a foreign corporation—that is, not a citizen of the State of Louisiana. Doc. 1, Att. 26, p. 3. Defendants corrected this identification in their Notice of Removal, identifying HRC as a Louisiana corporation. Doc. 1, p. 5. Defendants argue, however, that HRC's Louisiana citizenship should be ignored for purposes of ascertaining the existence of diversity jurisdiction because defendant HRC was "fraudulently misjoined" by Plaintiffs. Doc. 1, pp. 5–6.

Defendants point to a jurisprudentially-recognized category of improper joinder commonly referred to as "fraudulent misjoinder" or "egregious misjoinder." This category was first recognized by the Eleventh Circuit Court of Appeals in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Fraudulent or egregious misjoinder may exist where a diverse defendant is joined with a non-diverse defendant and the claims against the two defendants fail to share a real connection.

This court has invoked the principal of *Tapscott* on at least two occasions. *Augustine v. Employers Mut. Cas. Co.*, No. 2:08-CV-1102, 2010 WL 4930317 (W.D. La. Nov. 30, 2010); *Frankland v. State Farm Fire & Cas. Co.*, No. 2:07-CV-1767, 2008 WL 4072819 (W.D. La. July 2, 2008). District courts throughout the Fifth Circuit have adopted the *Tapscott* principle as

well,[13] and the Fifth Circuit Court of Appeals has seemed to have indicated its approval of this concept, albeit in dicta. *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002).

When considering whether claims have been improperly misjoined, the court applies state law joinder rules. *See Fed Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 381 (S.D.N.Y. 2006) (compiling federal cases). This is so because the plaintiffs bring their actions in state court and are required to follow state court joinder rules when they initially file suit, and therefore, state joinder rules are the relevant ones to use when determining the propriety of a party's joinder of claims after the case has been removed to federal court. *See In re Diet Drugs*, 294 F.Supp.2d 667, 673–74 (E.D. Pa. 2003). Accordingly, this court will apply Louisiana joinder rules.

Article 463 of the Louisiana Code of Civil Procedure is the relevant state joinder rule in this case. The article provides as follows:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1)   There is a community of interest between the parties joined;
>
> (2)   Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3)   All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. Proc. art. 463. The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.'" *Stevens v. Bd. of Trustees of Police Pension Fund of Shreveport*, 309 So.2d 144, 147 (La. 1975) (quoting Official Revision Comment (c), Article 463). A "community of interest is present between different actions or parties where enough factual

---

[13] *See e.g. Davis v. Cassidy*, No. 11-1563, 2011 WL 6180054 (E.D. La. Dec. 13, 2011); *Williams v. Executive Risk Specialty Ins. Co.*, No. 11-0686, 2011 WL 2461346 (W.D. La. June 17, 2011); *Hospitality Enterprises, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 11-234, 2011 WL 1303954 (E.D. La. Mar. 31, 2011); *Jackson v. Gearbulk, Inc.*, 761 F.Supp.2d 411 (W.D. La. 2011).

overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. App. 4 Cir. 2003).

In an oilfield legacy suit similar to the instant case, the Louisiana Third Circuit Court of Appeal held that various claims against different defendants did not share a community of interest. *Broussard v. Hilcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, *writ granted*, 2009-0449 (La. 4/24/09), 7 So. 3d 1202, and *writ granted*, 2009-0469 (La. 4/24/09), 7 So. 3d 1202, and *aff'd and remanded*, 2009-0449 (La. 10/20/09), 24 So. 3d 813. In its discussion of the record, the court noted the following:

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.

*Id.* at p.10; 953. The court affirmed the finding of the trial court that the plaintiffs improperly cumulated the actions against the defendants. *Id.*

This case is remarkably similar to the situation confronted by the *Broussard* court. Plaintiffs' property consists of multiple non-contiguous tracts of land in different areas. The exploration and production activities complained of were conducted by different groupings of defendants at various times between 1955 and 2004. Doc. 1, Atts. 2, 3. The tracts where HRC's predecessor allegedly operated are in different sections and the tracts are more than eight miles to the west of the other sections where the removing defendants allegedly operated. Doc. 1, Atts. 4–6. Each theory of damages asserted by the plaintiffs requires a different set of facts because the exploration and production activities occurred at different locations at different times.

Plaintiffs counter that joinder was proper to the extent that defendants are solidarily liable. This argument is without merit. The record indicates that HRC's predecessor in interest,

Forman, leased a portion of the plaintiffs' property of its own accord in 1984 and those leases were released unconveyed in 1990. Doc. 49, Att. 1. As such, there is no basis for solidary liability between defendant HRC and any other defendant. *See* La. Civ. Code arts. 1788, 1790.

The court concludes the claims against defendant HRC do not share a community of interest with those against the removing defendants, and the claims against HRC should be severed from the claims against the other defendants. Moreover, the court also finds that the claims against defendant HRC should be remanded insofar as HRC is not diverse in citizenship from plaintiffs. This severance and partial remand cures any problem with respect to the completeness of diversity.

### *Conclusion*

This court has jurisdiction over the case in accordance with 28 U.S.C. § 1332(a)(1). The alleged deficiencies in the notice of removal were procedural defects to the removal process, but these deficiencies are curable by amendment. Moreover, complete diversity exists to the extent that defendants Austral and Mecom should be ignored and defendant HRC was improperly misjoined in this suit.

Defendants' Motion to Amend Notice of Removal is GRANTED. Plaintiffs' Motion to Remand is GRANTED IN PART and DENIED IN PART. The court orders the claims by plaintiffs against defendant HRC severed from the claims against the other defendants. Plaintiff's Motion to Remand is GRANTED as to the severed claims against defendant HRC, but the motion is DENIED as to the remaining claims.

A separate order of remand is being issued herewith. As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review. Should either party seek review from the district

court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE this 6th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE