RECEIVED
IN LAKE CHARLES, LA
APR 29 2013
TONY R. MOORE, CLERK
BY _____ PAT _____
                 DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GEORGIA AUTHEMENT CONSTANCE, ET AL. | : | DOCKET NO. 12-CV-01253 |
| VS. | : | JUDGE MINALDI |
| AUSTRAL OIL EXPLORATION COMPANY, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

On February 6, 2012, Magistrate Judge Kay issued a Report and Recommendation (Rec. Doc. 79) recommending that the plaintiffs' claims against Austral Oil Exploration Company be dismissed. On the same day she issued a Memorandum Ruling (Rec. Doc. 80) granting the plaintiffs' Motion to Remand in part and denying the motion in part. She also issued a Report and Recommendation (Rec. Doc. 82) recommending that the plaintiffs' claims against the John W. Mecom Company be dismissed.

The plaintiffs appealed these rulings (Rec. Doc. 84). The following parties filed oppositions to the plaintiffs' appeal: Smith Production Company of Mississippi (Rec. Doc. 86), Chevron, U.S.A. (Rec. Doc. 87), Beem Oil and Gas Company (Rec. Doc. 88), Williams Exploration Company and ExxonMobil Oil Corporation (Rec. Doc. 89), Diasu Oil and Gas Company, Inc. (Rec. Doc. 90), Wainoco Oil & Gas Company (Rec. Doc. 91), and BP America Inc. (Rec. Doc. 92). The plaintiffs filed a Reply Brief (Rec. Doc. 94).

The main issue before this Court on appeal is whether Magistrate Judge Kay properly applied the doctrine of misjoinder relied upon in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th

Cir. 1996) in choosing to ignore the citizenship of HRC Energy for diversity jurisdiction purposes and denying Plaintiffs' Motion to Remand, in part. Having considered the arguments of all the parties, this court finds that the Magistrate Judge's rulings were not clearly erroneous and will be affirmed.

## PROCEDURAL HISTORY

The plaintiffs originally filed this matter in state court. There were thirteen named defendants that allegedly caused damage to the plaintiffs' property. On May 16, 2012, this matter was removed to this court on the basis of diversity jurisdiction. The defendants contended that the defendant HRC had been egregiously joined and asked the court to ignore this party in determining complete diversity. On June 15, 2012, the plaintiffs filed a motion to remand claiming that the removal was procedurally deficient and substantively unavailable, as HRC had been properly joined.

Magistrate Judge Kay found procedural defects in the Notice of Removal but authorized amendment and rejected the plaintiffs contention that HRC's citizenship should be considered. The Magistrate Judge reasoned that the plaintiffs' claims against HRC involved a different set of facts, because HRC's exploration and production activities occurred at different locations during different time periods and involved different wells. She found there was no "community of interest" among HRC and the other defendants.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge is prohibited from conclusively deciding certain pretrial matters pending before the court (matters often referred to as the "excepted motions"). However, those matters not listed as an "excepted motion" under § 636(b)(1)(A), such as motions to remand, may be conclusively decided by a Magistrate Judge. Accordingly, in this

2

matter, the Magistrate Judge's February 6, 2103 Memorandum Ruling is not to be construed merely as a recommendation to the district court; rather, it is an order on non-dispositive matters that must be upheld unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72. *Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of America,* 2010 WL 3025018, *2 (W.D. La., 2010).

The Report and Recommendation issued by the Magistrate Judge is subject to a *de novo* review.

## REASONS FOR RULING

The plaintiffs object to the Magistrate Judge's four specific rulings:

1) That the removing defendants had a right to amend the jurisdictional allegations of the removal notice;

2) That the defendants were fraudulently or egregiously misjoined;

3) That John W. Mecom Company should be dismissed; and

4) That only the claims against HRC should be severed and remanded.

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable "without regard to the citizenship or residence of the parties", while all other actions are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis supplied).

The plaintiffs did not brief errors one through three as they had extensively briefed these issues in prior pleadings. The defendants contend that, at the district court stage, the focus is not on why a party should prevail, rather why the Magistrate Judge's findings and recommendations are

erroneous. Consequently, it is not sufficient at the district court stage simply to refer to arguments unsuccessfully made before the Magistrate Judge – the objecting party must identify the error in the findings and recommendations.[1] The Fifth Circuit has also noted the converse of the requirement of a specific objection: a conclusory objection is insufficient.[2] Moreover, the Fourth Circuit Court of Appeals has held that "de novo review is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."[3]

The plaintiffs did specify particular points of error and they had briefed these issues extensively. Therefore, the court will not consider these arguments waived.

In finding that the defendants could amend their jurisdictional allegations, the Magistrate Judge reasoned that the plaintiffs counter that the petition fails to mention the defendants' principal places of business. (Rec. Doc. 24, Att. 1, p. 14). She further found, however, that the petition unquestionably contains jurisdictional allegations insofar as it expresses where defendants are not

---

[1] *Mosely v. Quarterman*, CIV.A. 3:03-CV- 1577, 2008 WL 656887 (N.D. Tex. Mar. 6, 2008), (citing *Edmond v. Collins*, 8 F.3d 290, 293, n.7 (5th Cir. 1993)). ("Although Edmond filed written objections to the magistrate's findings, these objections consisted solely of a copy of the brief filed to support the original habeas petition to the district court. Edmond thus did not raise a factual objection by merely reurging arguments contained in the original petition")(internal citations omitted).

[2] *Nettles v. Wainwright*, 677 F.2d 404, 410, n.8 (5th Cir. 1982)(en banc)("Frivolous, conclusive, or general objections need not be considered by the district court."), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

[3] *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

domiciled because they are foreign to the State of Louisiana. This court finds the Magistrate's Ruling correct under applicable law.

In discussing the John Mecom Company, the Magistrate Judge found that Mecom was a Texas corporation with its principal place of business in Texas. (Rec. Doc. 1, Att. 8). However, this corporation was dissolved effective December 27, 2002. (Doc. 1, Att. 9). She held that this corporation should be ignored for purposes of ascertaining diversity because it had been dissolved. Again, this court finds the Magistrate's Ruling correct under applicable law.

The questions of fraudulent joinder and whether the claims against HRC should be remanded are more closely related. The removing defendants bear the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981)). Traditionally, in order to demonstrate that a resident defendant was improperly joined, the removing defendants must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir.2006), *cert. denied*, 548 U.S. 907, 126 S.Ct. 2945, 165 L.Ed.2d 956 (2006), (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)). Here, the defendants rely on the "fraudulent joinder" or " egregious misjoinder" theory first enunciated by the Eleventh Circuit. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).

In *Tapscott*, the Eleventh Circuit recognized that joinder of defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure may be "fraudulent" where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the

claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[4] *Id.* at 1360. The Eleventh Circuit was careful to limit its holding and cautioned that only "egregious" misjoinder, rather than "mere misjoinder," will constitute fraudulent joinder. *Id.* at 1360.

The Fifth Circuit has not expressly adopted *Tapscott's* theory of fraudulent misjoinder but has indicated it might do so in an appropriate case.[5] *See Crockett*, 436 F.3d at 532–33; *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir.2002); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002). For purposes of this motion, and recognizing most district courts within this circuit have taken the position that the Fifth Circuit has at least implicitly adopted *Tapscott*, the Court will assume the *Tapscott* analysis is controlling.

The *Tapscott* analysis for fraudulent misjoinder has two parts: first, the court must determine whether joinder is appropriate under the relevant joinder rule and the facts of the case; second, the

---

[4] Rule 20 permits defendants to be joined in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).

[5] Although the Eleventh Circuit is the only federal appellate court to adopt fraudulent misjoinder, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds by*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000), the Fifth and Ninth Circuits have acknowledged it, although not expressly adopted it. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002) (citing *Tapscott*, 77 F.3d at 1360) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction."); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir.2002) ("[W]ithout detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case."); *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed.Appx. 727, 729 (9th Cir.2001) ("For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs."). *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010).

court must determine whether the misjoinder was so egregious as to warrant a finding of fraudulent misjoinder. *See Tapscott,* 77 F.3d at 1360.

Chevron argues that the plaintiffs implicitly concede in their objection to the Magistrate Judge's ruling in this case that there is no community of interest, as defined by Louisiana law, between their claims against the removing defendants – Williams Exploration Company, ExxonMobil Oil Corporation, Diasu Oil & Gas Co., Inc. – and Chevron, and their claims against HRC, the sole non-diverse defendant. In their Appeal, the plaintiffs point to no facts which would establish a "community of interest" between the removing defendants, Chevron, and HRC. As such, this case falls squarely under *Tapscott*.

In deciding that the plaintiffs' claims against HRC had been fraudulently joined, the Magistrate Judge concluded that the claims against the defendant HRC do not share a community of interest with those against the removing defendants, and the claims against HRC should be severed from the claims against the other defendants. The Magistrate Judge also held that the claims against the defendant HRC should be remanded insofar as HRC is not diverse in citizenship from the plaintiffs. This severance and partial remand cures any problem with respect to the completeness of diversity. This court finds that the Magistrate Judge's ruling was not clearly erroneous.

Accordingly, the Magistrate Judge's rulings are affirmed.

Lake Charles, Louisiana, this ___ day of April, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE